## HARTEN-KNODEL DISTRIBUTING CO
## v HARRISON

Ohio Appeals, 1st Dist, Hamilton Co

No 4108.  Decided May 31, 1932

Ratterman & Cowell, Cincinnati, for plaintiff in error.

Fricke & Spiegel, Cincinnati, for defendant in error.

ROSS, PJ.

This is a replevin suit to secure possession of the set.

In **Hodgson v Barrett, 33 Oh St, 63**, the third paragraph of the syllabus is:

"Where payment is made by a check, drawn by the purchaser on his banker, this is a mere mode of making a cash payment, and not the acceptance of a security.  Such payment is conditional only, and if the check upon due presentation is dishonored, the vendor's right to retake the goods from the purchaser remains in full force."

Sec 8403, GC, provides:

"Subject to the provisions of this chapter, when goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell. * * *"

There is nothing in the record showing that the owner is estopped to deny Aulick's right to sell to Harrison.

Sec 8404, GC, provides:

"When the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title."

In order that Harrison, the defendant in error, shall establish his right to possession of the goods it is necessary, therefore, for him, granting that the record does not show that plaintiff in error disavowed the sale before transfer to Harrison, to show that he, Harrison, bought the radio "in good faith, for value, and without notice of (Aulick's) defect of title."  No such evidence appears in the record.

The Municipal Court of Cincinnati erred in rendering judgment for the defendant in error, and the Court of Common Pleas erred in affirming such judgment, which

is reversed with that of the Municipal Court, and the case is remanded to the Municipal Court for a new trial.

HAMILTON and CUSHING, JJ, concur.